IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

| | | |
|---|---|---|
| Thorco Projects A/S, | § § | |
| Plaintiff, | § § | Case No. |
| vs. | § § | |
| M/V NOMADIC MILDE, IMO No. 9463554, her engines, freights, apparel, appurtenances, tackle, *in rem*, and New Nomadic Short Sea Shipping A/S, *in personam,* | § § § § § § § | |
| Defendants. | § § | |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff, Thorco Projects A/S (hereinafter "Thorco" or "Plaintiff"), by and through its undersigned counsel, hereby files this Verified Complaint against the Defendant M/V NOMADIC MILDE, IMO No. 9463554, her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter the "Vessel") and against Defendant New Nomadic Short Sea Shipping A/S (hereinafter "New Nomadic Short"), *in personam* (hereinafter collectively "Defendants") and avers and pleads as follows:

**I. JURISDICTION, VENUE AND PARTIES**

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule B and Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").

1

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the *in rem* Defendant M/V NOMADIC MILDE is located in the Middle District of Florida moored at the Tampa Anchorage.

3. At all times material hereto, Plaintiff Thorco, was and still is a foreign business organized under the laws of Denmark.

4. Defendant M/V NOMADIC MILDE was and still is an ocean-going general cargo vessel, registered in the Marshal Islands, IMO number 9463554, call sign V7ZW7, and is now, within the Middle District of Florida, and subject to the jurisdiction and venue of this Honorable Court.

5. New Nomadic Short was and still is a foreign business that is the registered owner of the M/V NOMADIC MILDE and organized under the laws of Norway.

## II. FACTS

6. Thorco brings this action in order to recover amounts indisputably due and owing as a result of Defendant New Nomadic Short's breach of the parties' charter party agreement.

7. On or about March 12, 2020, New Nomadic Short and Thorco entered into a time charter agreement for 28-30 days for use of the M/V NOMADIC MILDE.  Consistent with industry practice, the parties utilized a form charter party agreement with primary terms amended in the Fixture Recap.  *See* a true and correct copy attached hereto as **Exhibit 1**.

8. On or about April 22, 2020, New Nomadic Short and Thorco agreed to extend the charter party for a minimum of four (4) and up to maximum of seven (7) months in Thorco's option as charterer. *Id*.

9. The charter party agreement is a maritime contract.

10. Pursuant to Clause 1 of the charter party, "the Owners shall . . . *maintain her class*

*and keep the vessel in a thoroughly efficient state in hull, machinery and equipment for and during the service.*"  *Id*. (emphasis added).

11. Pursuant to Clause 18, ". . . the Charterers have a lien on the Ship for *all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once.*" *Id*. (emphasis added)

12. Under the terms of the charter party extension, Thorco agreed to pay charter hire in the amount of USD 4,500 net for the first thirty-five (35) days and USD 6,400 net thereafter. *Id*.

13. On or about May 5, 2020, the Vessel arrived in New Orleans, Louisiana to load lead cargo.

14. Following cargo operations, the Vessel shifted to anchorage within the Mississippi River and at the direction of Defendant, to undergo repairs to the cargo hatch covers.

15. On or about May 8, 2020, while in the Mississippi River, the Vessel dragged anchor and collided with another vessel and a pier.

16. To mitigate damages, the cargo was unloaded and transshipped and the Vessel proceeded to Tampa for repairs.

17. Although off-hire while the repairs were ongoing, the Vessel was still chartered to Plaintiff Thorco.

18. Despite an obligation to keep Thorco informed and updated on the progress of repairs and an estimated date by when the Vessel would return to service, Defendant failed, neglected, and/or refused to do so.

19. As a result, two (2) subsequent sub-charter agreements which Thorco had entered into cancelled their sub-charter party agreements.  Thorco suffered damages and losses as a

result of the cancelled sub-charter party agreements.

20. Repairs were completed on or about August 1, 2020, however Defendant Owners did not redeliver the Vessel to New Orleans and instead has anchored the Vessel at Tampa since on or about August 1, 2020.

21. On or about August 10, 2020, Defendant unilaterally terminated the charter party agreement with Thorco and is in repudiatory breach of the contract.

22. Despite the obligation to immediately return all monies and hire paid, but not earned, Defendant New Nomadic Short has failed, neglected, and/or refused to do so.

23. The overpaid monies, hire, and deposits which are due and owing by Defendant New Nomadic Short as a result of the repudiatory breach is $367,972.87. This amount also attaches as a maritime lien against the Vessel. Attached hereto is a true and correct copy of Thorco's Statement as **Exhibit 2**.

24. In addition, Thorco has a claim for additional damages and lost profits against Defendant New Nomadic Short in the amount estimated to be no less than $285,000. *Id*.

25. The total quantum due and owing is no less than **$652,972.87**, plus applicable interest, fees, and costs.

### III. REQUEST FOR RULE C ARREST AND ISSUANCE OF WARRANT OF ARREST

26. Plaintiff repeats and re-alleges paragraphs 1-25 in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against the Defendant Vessel, alleges and pleads as follows:

27. Pursuant to Clause 18 of the charter party agreement Charterers, Thorco, "[has][] a lien on the Ship for all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once." See **Exhibit 1**.

28. As a result of outstanding amounts owed to Plaintiff, Plaintiff's claim for the amount of **$367,972.87**, attaches as a maritime lien on the Vessel in favor of Plaintiff and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

29. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest of the Vessel in the amount of **$552,000.00**. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

30. Plaintiff seeks to enforce its maritime lien by arresting the M/V NOMADIC MILDE within the District, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

### IV. REQUEST FOR RULE B ATTACHMENT AND ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

31. Plaintiff restates and re-alleges paragraph 1 – 25 in the above foregoing Verified Complaint.

32. Defendant New Nomadic Short provided an unseaworthy Vessel, was grossly negligent in its operation of the Vessel, and is in repudiatory breach of the parties' charter party agreement. Furthermore, Defendant New Nomadic Short has failed, neglected, and/or refused to remit payment to Plaintiff as summarized in the Statement of Account following Defendant's breach of the charter party agreement. *See* **Exhibit 2**.

33. Thorco's claims against Defendant New Nomadic Short for breach of the charter party agreement is a maritime claim.

34. This is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant New Nomadic Short to obtain security for Plaintiff's claims in aid of Plaintiff's London arbitration proceedings.

35. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

36. Thorco expects to recover the following amounts in arbitration from New Nomadic Short:

| | | |
|---|---|---|
| A. | Breach of Contract: | $652,972.87 |
| B. | Estimated Interest for Principal Claim: *2 years at 5.0 %, compounded quarterly* | $68,227.13 |
| D. | Estimated Arbitration Cost/Fees: | $200,000 |
| | TOTAL: | $921,200.00 |

37. Thorco's total claim, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$921,200.00**.

38. Defendant New Nomadic Short is not present or cannot be found in the Middle District of Florida within the meaning of Rule B of the Supplemental Admiralty Rules. See Local Rule 7.02(a). Furthermore, none of the officers of Defendant New Nomadic Short is within the District; Defendant New Nomadic Short does not maintain offices or telephone listings in the District. Defendant New Nomadic Short is not incorporated or registered to do business in the State of Florida; and Defendant New Nomadic Short does not have a registered agent for the receipt of service of process in the State of Florida. A copy of the Attorney Declaration is attached hereto as **Exhibit 3**.

39. The M/V NOMADIC MILDE is the property of Defendant New Nomadic Short and is located within the District and subject to attachment and garnishment pursuant to Rule B.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Thorco prays as follows:

A. That Process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendants, and Defendants be cited to appear and answer the allegations of this Verified Complaint;

B. That this Honorable Court enter an order of *in rem* arrest for M/V NOMADIC MILDE pursuant to Rule C of the Supplemental Rules to enforce Plaintiff's maritime lien and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

C. That if Defendant New Nomadic Short cannot be found within the District, then all of their respective property within this District, tangible or intangible, including but not limited to M/V NOMADIC MILDE, owed by or in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Rule B of the Supplemental Rules;

D. That judgment be entered in favor of Plaintiff and against the Defendant M/V NOMADIC MILDE, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

E. That judgment be entered against Defendants in the sum of **$921,200.00**, inclusive of applicable interest, costs, and fees pled herein;

F. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: August 11, 2020                                    Respectfully submitted,

                                                          CHALOS & CO, P.C.


                                                  By:     /s/ Michelle Otero Valdes
                                                          Michelle Otero Valdes, B.C.S.
                                                          Florida Bar No. 14990
                                                          2030 S. Douglas Road, Suite 117
                                                          Coral Gables, Florida 33134
                                                          Tel: (305) 337-3700-4300
                                                          Fax: (866) 702-4577

                                                          Email: mov@chaloslaw.com

                                                          *Attorneys for Plaintiff Thorco Projects A/S*

OF COUNSEL

Chalos & Co, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
Fax: (516) 750-9051